# Pratt *versus* Harding.

Where land was conveyed by indenture executed only by the grantors, but containing a covenant on the part of the grantee, to make certain docking to prevent the water from flowing over on the lot, and that in case of default, the grantors and their heirs and assigns should have the right of constructing the same, the lot to be security to indemnify for the expenses: *Held*, that the grantee having neglected to construct such docking, the grantors had a right to construct the same at his expense, and could maintain a personal action against him for the amount expended.

Error to the Common Pleas of *Susquehanna county*.

This was an action on the case, by Ogden Pratt against Amos W. Harding, to recover the amount expended by the plaintiff in constructing certain docking on a creek, the boundary of defendant's land, over which the water flowed to the injury of premises owned by the plaintiff.

On the 18th February 1854, the plaintiff and wife, by indenture of that date, sealed by the grantors only, conveyed to the defendant a house and lot in the village of New Milford. The deed contained the following clause:—

"In consideration whereof, the said Amos W. Harding doth covenant and agree, to and with the said Ogden Pratt and Sarah E. his wife, their heirs and assigns, to make a good and sufficient docking along the creek side of said lot, to prevent the water from flowing over on said lot, and in case of inability or neglect in making and keeping up said docking, the said Ogden Pratt and Sarah E. his wife, and their heirs and assigns, are to have the privilege of making the same for ever; and to secure the payment of all expenses arising therefrom, they are to have the privilege of adding it to the purchase-money; and further, the lot itself shall always be security to indemnify for said expenses. It is hereby further understood and agreed, that the said Ogden Pratt and Sarah E. his wife, their heirs and assigns, reserve the right of taking the water across said lot in pipes or logs to be laid under ground, at any point where it will not interfere with buildings that said Harding may build; also reserve the right and privilege of making said docking, and the expenses shall be a continual lien on said lot of land."

In June 1855, there were heavy freshets in the creek running along the premises, and much damage was done to the plaintiff by the overflowing of the water. On the 25th July 1855, Pratt gave notice to Harding that he must build the docking, pursuant to his agreement. After a lapse of two or three weeks, the defendant having neglected to comply with this notice, the plaintiff went on and constructed the docking, and brought this suit to recover the expenses thereof.

[Pratt *v.* Harding.]

On the trial, the court below being of opinion that a personal action could not be maintained against the defendant, ruled out the evidence of plaintiff's having constructed the docking, and of the value thereof; and charged the jury that their verdict must be for the defendant, which was here assigned for error.

*Bentley* and *Fitch*, for the plaintiff in error, cited Bear *v.* Whisler, 7 *Watts* 144; and Cathcart *v.* Bowman, 5 *Barr* 319.

No counsel appeared for the defendant in error.

The opinion of the court was delivered by

LOWRIE, C. J.—Harding agreed with Pratt, when he bought this lot from him, to construct the docking along the creek side of the lot, so as to prevent the overflow, and of course he is in law bound to perform his contract, and the plaintiff has some remedy. The work is to be maintained also by Harding after it is constructed, and that part of the agreement establishes a relation of duty essentially connected with ownership, and it stands in the title and runs with it: 27 *State Rep.* 258; 23 *Id.* 316.

Harding accepted the deed containing the agreements on his part, but did not himself execute it by his name and seal. Plainly enough, we cannot help implying his acceptance of the terms of the grant, and this is an agreement by him, not under his seal, and he may be sued in *assumpsit* for a breach of it; though, perhaps, the law would also imply a covenant, if necessary.

For neglecting to construct the docking he is personally liable; and having failed to do it, the plaintiff had an express contract grant to do it at his expense. We think that the evidence to prove the defendant's breach of his contract, and its execution by the plaintiff, and the cost of it, was improperly rejected.

Judgment reversed and new trial awarded.